821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman Z. FLICK, Plaintiff-Appellant,
v.
R. A. LARUE; John Nevins, Defendants-Appellees.
 No. 85-1602
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before LIVERY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Norman Flick appeals the summary judgment entered against him in the United States District Court for the Eastern District of Michigan on his claim brought pursuant to 28 U.S.C. Sec. 1331 and purportedly under 42 U.S.C. Sec. 1983.
 
 
 2
 Flick is a federal prisoner in a Michigan correctional facility, who alleges that he was wrongfully placed in administrative segregation at his prison for two days in 1984 while defendant investigated a charge that the plaintiff had violated the prison's disciplinary rules. Flick also claims to have suffered violations of the facility's own policies and provisions of the Code of Federal Regulations. These include loss of library and mail privileges, unsanitary conditions, and placement into a more restricted environment without a hearing. Plaintiff sought monetary damages and a restraining order. The district court granted defendants' motion for summary judgment based on qualified immunity.
 
 
 3
 On appeal, Flick argues that the district court erred in holding that the defendants were engaged in discretionary functions that would permit a defense of qualified immunity, and that summary judgment based on qualified immunity is inappropriate since his complaint requested an injunction.
 
 
 4
 Although the trial judge incorrectly analyzed the record in this case in terms of 42 U.S.C. Sec. 1983, we nonetheless hold that he correctly concluded that no cognizable case for relief was made out under federal constitutional law. Plaintiff here was at all times and is a federal prisoner and therefore the provisions of the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, are not applicable. Plaintiff's rights therefore had to be considered and the liability of the defendants determined on the basis of their posture as federal officers. Nevertheless, on the facts as established by the motion for summary judgment and record in support thereof, it appears that the plaintiff has failed to identify any liberty interest which would give rise to his claimed right of due process in connection with its deprivation. His loss of privileges was relatively brief in duration and he was ultimately accorded the rudimentary due process which the prison regulations and the Code of Federal Regulations provided. As the district judge concluded, Flick's allegations with respect to defendant Nevins were in all respects totally frivolous. Accordingly, the judgment of the district court is AFFIRMED.